UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM EARL SALGAT,

    Petitioner,           Civil No. 2:25-cv-12785
                               HONORABLE DENISE PAGE HOOD
v.

71B DISTRICT COURT
TUSCOLA COUNTY,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

William Earl Salgat, ("Petitioner"), providing an address of 19 8th Street S # 489, Fargo, North Dakota 58103, has filed a *pro se* writ of habeas corpus, which is being construed as being brought pursuant to 28 U.S.C. § 2241(c)(3)[1] Petitioner challenges a pending arrest warrant or warrants out of Tuscola County, Michigan. For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

---

[1] Because Petitioner's application for a writ of habeas corpus was filed before he was convicted of any crimes, the more appropriate vehicle for Petitioner to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis,* 548 F.3d 425, 430, n. 4 (6th Cir. 2008).

1

# I. INTRODUCTION

Petitioner claims in his petition that he is being unlawfully charged by the Tuscola County Sheriff's Department for unspecified charges. Petitioner alleges that he has been placed on the NICS list as a "fugitive from justice."[2] Petitioner claims that respondent did not have probable cause to issue the charges or warrants against him. Petitioner claims that no bond has been set on these charges, in violation of his Eighth Amendment rights.

This Court searched Michigan court records. Petitioner has a pending case in the 71B District Court in Tuscola County, Michigan, for two charges of embezzlement of $ 100,000.00 or more from a vulnerable adult, two counts of using a computer to commit a crime, and one charge each of uttering and publishing and forgery. *See People v. Salgat*, No. 23-0025FY-FY. According to the records, warrants have been issued but Petitioner has yet to be arraigned on these charges.[3] The address that Petitioner has given is actually a private mailing and shipping business.[4] The Court has searched

---

[2] The NICS Indices contains information on people who are prohibited from receiving firearms by federal or state law. https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/nics/nics-indices.

[3] https://micourt.courts.michigan.gov/case-search/court/D71B/case-details?caseId=2023-23-0025FY-FY-01&tenantKey=D71B-79-0622746-00-0&searchUrl=%2Fcourt%2FD71B%2Fsearch%3FlastName%3Dsalgat%26firstName%3Dwilliam%26page%3D1.

[4] https://goinpostal.com/store/GP435.

the inmate records at the Cass County Jail in Fargo, North Dakota and Petitioner is not currently incarcerated there.[5]

Petitioner previously filed a petition for a writ of habeas corpus challenging the validity of these warrants, which was dismissed for failing to state a claim for relief. *Salgat v. Tuscola Cnty. Sheriff's Dep't*, No. 25-12374, 2025 WL 2533994 (E.D. Mich. Sept. 3, 2025).

## II. DISCUSSION

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512

---

[5] https://www.casscountynd.gov/departments/corrections/inmates-in-custody.

3

U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (additional citations omitted). Because the petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989).

The current petition must be dismissed because Petitioner has not alleged or shown that he is in custody on these pending warrants.

This Court does not have the authority to review the constitutionality of the arrest warrant or warrants in light of the fact that Petitioner has neither been charged or convicted of any crime. *Salgat v. Tuscola Cnty. Sheriff's Dep't*, 2025 WL 2533994, at *2; *see also Wrosch by Dye v. Neeley,* No. 2:25-

CV-11947, 2025 WL 2042264, at *2 (E.D. Mich. July 21, 2025) ("This Court does not have the authority to review the constitutionality of Mr. Wrosch's arrest under habeas relief because he has neither been charged or convicted of any crime."); *Gilliland v. Barteaux,* 670 F. Supp. 3d 1254, 1261 (N.D. Okla. 2023) (Petitioner not in "constructive custody" for habeas purposes simply because she was subject to an arrest warrant for failure to comply with the tribal court's order to post a cash bond); *Jones v. United States*, No. 4:11CV00305 BSM/JTR, 2011 WL 3042023, at *2–3 (E.D. Ark. June 17, 2011; *report and recommendation adopted* No. 4:11cv305 BSM/JTR, 2011 WL 3040908 (E.D. Ark. July 25, 2011) (recommending dismissal of habeas petition because the petitioner was not taken into custody and the challenged outstanding arrest warrant fell "far short of the kind of 'severe' and 'immediate' restraint upon liberty sufficient to invoke and maintain jurisdiction under the federal habeas statutes"), *United States ex. rel. Kilheffer v. Plowfield,* 409 F. Supp. 677, 679 (E.D. Pa. 1977) (where state failed to pursue disorderly conduct charge against a habeas petitioner, habeas claim that the arrest for this charge violated the constitution would not sustain federal habeas jurisdiction, because petitioner was not "in custody" as a consequence of any violation of his federal constitutional rights).

Furthermore, the issuance of these warrants, by themselves, do not violate Petitioner's constitutional rights, because it appears that they have not yet been executed. *Salgat v. Tuscola Cnty. Sheriff's Dep't*, 2025 WL 2533994, at *2 (citing *Ritter v. Muskegon Cnty. Prosecutor*, No. 1:23-CV-207, 2023 WL 3571760, at *2 (W.D. Mich. Mar. 16, 2023), *report and recommendation adopted*, No. 1:23-CV-207, 2023 WL 3569235 (W.D. Mich. May 19, 2023)); *Reyenga v. Sheriff's Office Red River Parish*, No. 1:19-CV-140, 2019 WL 2147945, at *1 (W.D. La. Apr. 25, 2019)). "There is no constitutional right to be arrested." *Hoffa v. United States*, 385 U.S. 293, 310 (1966); *see also Todd v. White Lake Tp.*, 554 F. Supp. 272 (E.D. Mich. 1983). Accordingly, the issuance of these arrest warrants, without more, does not violate Petitioner's constitutional rights or entitle him to habeas relief.

### III. CONCLUSION

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability to Petitioner. Whether a habeas petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of the habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a

6

certificate of appealability to bring an appeal); *Winburn v. Nagy,* 956 F.3d 909, 912 (6th Cir. 2020) (pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court denies Petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his pending arrest warrants. *See e.g. Finkelstein v. Spitzer,* 455 F.3d 131, 133 (2nd Cir. 2006). Moreover, the Court denies Petitioner leave to appeal *in forma pauperis*, because any appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

                                             S/DENISE PAGE HOOD
                                             DENISE PAGE HOOD
                                             United States District Judge

Dated:  January 30, 2026